## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 2022-cv-2121-___

WET MOUNTAIN PUBLISHING COMPANY, a Colorado corporation doing business as *The Wet Mountain Tribune*,

   Plaintiff,

v.

WILLLIAM R. CANDA**,** in his official capacity as County Commissioner for Custer County, Colorado;
KEVIN V. DAY**,** in his official capacity as County Commissioner for Custer County, Colorado; and
THE BOARD OF COUNTY COMMISSIONERS FOR CUSTER COUNTY, COLORADO,

   Defendants.

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff Wet Mountain Publishing  Company, doing business as the *The Wet Mountain Tribune*, for its Complaint against Defendants Willliam R. Canda and Kevin V. Day, in their official capacities as a Custer County Commissioners, and the Board of County Commissioners for Custer County, Colorado states as follows:

### <u>INTRODUCTION</u>

This civil action seeks monetary and injunctive relief for the Defendants' wanton and willful infringement of the Plaintiff's free speech rights.  The Defendants have retaliated against the Plaintiff after its newspaper, *The Wet Mountain Tribune,* published a series of news reports that accurately exposed resume' fraud by a county official and otherwise were critical of county government administration. In response to this exercise of the Plaintiff's free speech rights under

the First Amendment, the Defendants exercised their authority, under color of state law, to punish and retaliate against Plaintiff by withdrawing the Legal Notice advertisements of Custer County, Colorado from the Plaintiff, notwithstanding that Plaintiff had submitted a sealed bid for such advertising that was priced lower than the other bidder's, and its circulation is almost two times greater than that of other bidder.  Defendants Canda and Day made it unmistakably clear, in a recorded public meeting, that the only reason they were turning down the lower bid for services provided to the county was their own displeasure with the editorial content of Plaintiff's newspaper.

Because the Defendants' violation of Plaintiff's rights under the First Amendment was motivated by evil motive or intent Plaintiff seeks not only compensatory damages and injunctive relief (prohibiting continued violation of Plaintiff's rights) but exemplary damages against Defendants Canda and Day as well.

## **PARTIES**

1.      Plaintiff Wet Mountain Publishing Company is a corporation organized under the laws of the State of Colorado, duly authorized to conduct business within the State of Colorado, and with its principal place of business in Westcliffe, Colorado.  Wet Mountain Publishing Company publishes *The Wet Mountain Tribune*, a weekly newspaper that is distributed in both Custer and Fremont counties, and on the World Wide Web at http://www.wetmountaintribune.com. Hereinafter, the Plaintiff is referred to as "*the Tribune."*

2.      Defendant Willliam R. Canda is one of the three County Commissioners for Custer County, Colorado, sued here in his official capacity for exercising authority provided for by Colo. Rev. Stat. §§ 30-10-301, *et seq*.

3.      Defendant Kevin V. Day is one of the three County Commissioners for Custer

County, Colorado, sued here in his official capacity for exercising authority provided for by Colo. Rev. Stat. §§ 30-10-301, *et seq.*

4.      Defendant the Board of County Commissioners for Custer County, Colorado, is the governing body for Custer County, Colorado, exercising its authority provided by Colo. Rev. Stat. §§ 30-10-301, *et seq.*

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1344(3)

6.      This Court has personal jurisdiction over the Defendants pursuant to Colo. Rev. Stat. §§ 13-1-124(1)(a) and (1)(b) and Fed. R. Civ. P. 4(k).

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8.      Defendants Willliam R. Canda and Kevin V. Day are County Commissioners for Custer County, Colorado.

9.      Defendant the Board of County Commissioners for Custer County, Colorado is the governing body for Custer County, Colorado.

10.      All of the Defendants' official conduct is under color of state law.

11.      Among the authorities exercised by Defendants is the power to decide which Legal Newspaper published in Custer County will be the designated newspaper for publication of all the county's Legal Notices, as required by Colo. Rev. Stat. § 24-70-108.

12.      *The Tribune* has been publishing a weekly newspaper covering current events, and monitoring the conduct of public officials, in Custer County, since 1883.

13.      Prior to the events giving rise to this lawsuit, *The Tribune* served as the

3

designated Legal Newspaper for publication of Custer County's Legal Notices since approximately 1883 (with only a couple of years, in the recent past, being exceptions because another paper submitted a lower-priced bid).

14.     On December 10, 2020, the *Wet Mountain Tribune* published a news story on the front page that exposed the fact that the Public Health Director of Custer County (Clifford Brown) had lied on his resumé applying for that position by falsely claiming he had earned a Masters in Public Health degree. A true and correct copy of the news article, under the headline "*Tribune Awaits Public Health Director's Reply to Questioning His Credentials*" is attached hereto, and incorporated, as **Exhibit A**.

15.     On December 17, 2020, the *Wet Mountain Tribune* published an editorial on the bottom of its front page again referencing the Public Health Director's false claim of having earned a masters degree and expressing the view that Mr. Brown was not qualified to serve as the county's public health director.  A true and correct copy of this editorial, under the headline, "Public Health Director Not Qualified[;] Board of Health Fails to Independently Investigate Brown's Resume," is attached hereto, and incorporated, as **Exhibit B**.

16.     *The Tribune*'s reporting on Brown's falsification of his resumé prompted an investigation by the Colorado Ethics Commission.

17.     On April 1, 2021, *The Tribune* published a news article on its front page that reported on the fact that following a County Board of Health meeting at the courthouse on March 10, 2021 all three members of the board had tested positive for COVID-19, and that "[a]ccording to [Defendant Canda's] wife's social media posts, Mr. Canda knew he was sick for over 10 days, but has continued to go to the courthouse, unmasked, and work, exposing everyone in the county building."  The article also harshly criticized the response of Public

Health Director Clifford Brown.  A true and correct copy of the article, bearing the headline "At Least Four People Infected During Super Spreader Meeting on March 10," is attached hereto as **Exhibit C**.

18.     On April 7, 2021, at a meeting of the Custer County Board of Health, with Defendant Canda chairing the meeting, the Board voted to send a letter to *The Tribune* demanding a retraction of the above referenced articles and a formal apology to Public Health Director Brown.

19.     Shortly thereafter, the Defendants (acting as the County Board of Health) sent a letter to the editor of *The Tribune* in which they categorically challenged the truth of *The Tribune*'s reporting on Public Health Director Brown and again demanded that Plaintiff fully retract its reporting and issue an apology to Mr. Brown. A true and correct copy of the Defendants' letter to the editor, as published in *The Tribune* on April 22, 2021, is attached hereto as **Exhibit D**.

20.     In March 2021, *The Tribune* reported, accurately, that the Defendants (acting as the County Board of Health) had voted, 2-1, to remove all COVID-19 restrictions within the county, declaring that the county was "going off the dial" of state-imposed restrictions, based on Director Brown's statement that he'd spoken with state officials in advance of the vote, and also the official statement from Colorado State Information Center declaring that no county had been approved by the Colorado Department of Health to "go off the dial."

21.     On October 7, 2021, *The Tribune* published an editorial, on page 4, that sharply criticized a November 2021 ballot measure, put forth by Defendants asking voters to approve the county taking on $31.25 million in debt to finance a new county justice center. A true and correct copy of the editorial, bearing the headline "The Core Problem With the Justice Center is

Debt," as published in *The Tribune* on October 7, 2021, is attached hereto, and incorporated, as **Exhibit E**.  Subsequently, the county's proposed bond measure was rejected by the electorate.

22.     On December 8, 2021, *The Tribune* published a lengthy report, which began on its front page, that detailed the lack of evidence that Public Health Director Clifford Brown had received a Masters of Public Health degree, from any institution of higher learning, as he had indicated on his resumé. That article included this statement: "The Tribune states here that the overwhelming probability is that Brown has no education in public health and the degree he presented was purchased from the Dartley University diploma mill."  Also, "It is  . . . clear that [Brown] has no experience in public health."  And, "The only person whom the [Board of Health], under the leadership of Bill Canda, has consulted about Clifford Brown's credentials, is Clifford Brown."  A true and correct copy of that news article, bearing the headline "Year-Long Investigation of Clifford Brown's Credentials," as published in *The Tribune* on December 8, 2021, is attached hereto, and incorporated, as **Exhibit F**.

23.     Following publication of the above-referenced article, the Custer County Board of Health (comprised of the Defendants) sent a second letter to the editor of *The Tribune*, and also posted it on the official county website.  The letter, which excoriated *The Tribune* and its editor, concluded as follows: "For the past year Dr. Brown has had his professional career, his character, and his integrity dragged through the mud by the Wet Mountain Tribune.  Our community and Dr. Brown deserve better."  A true and correct copy of the letter the editor as published in *The Tribune* on December 16, 2021, is attached hereto, and incorporated, as **Exhibit G**.

24.     On information and belief, every time, prior to this year, that the Board of County Commissioners of Custer County solicited bids for a contract for publishing the

county's Legal Notices, the Commissioners selected the lowest priced bid, regardless of the newspaper's circulation.

25.     On January 19, 2022, at a public meeting of the Custer County Board of County Commissioners, sealed bids of two newspapers to serve as the designated Legal Newspaper for the county were unsealed.  The bid tendered by *The Tribune* was less than half (9 cents per line) the cost of publishing statutory Legal Notices in the other bidding paper (19 cents per line). *See* **Exhibit H** at 5. The circulation of the *The Tribune* (2075 editions) was announced at the meeting as being almost twice the average circulation of the other paper that had submitted a bid (1172 editions).

26.     Notwithstanding the fact that the Plaintiff had submitted the lower bid (and its paper reaches considerably more readers), Defendants Canda and Day voted against the motion to accept the Plaintiff's bid. Subsequently the Defendants voted (2-1) to designate the other bidding paper as the Legal Newspaper for Custer County, thereby depriving Plaintiff of approximately $5,000 per month in advertising revenues.

27.     Prior to making the official governmental decision discussed in the previous paragraph, both Defendants Canda and Day stated on the record the reason they were turning down the lower bid. Defendant Canda stated "I don't know why I would support a paper that doesn't support the county" and he could not imagine supporting a paper that would "bad mouth the process of how we do business as a board of county commissioners."  Defendant Day stated he, too, did not wish to accept the lower bid from a paper that, he described, "for lack of a better term, [as] combative." *See* https://youtu.be/KW-4V1SxG-Y?t=7536 (starting at 2:05:35). None of the three Commissioners voiced any concern with *The Tribune*'s service in publishing the county's Legal Notices for the previous five years.

28.     On January 19, 2022, it was clearly established law in this Circuit (and elsewhere) that government officials cannot, while acting under color of state law, retaliate against a person for exercising the constitutionally protected right to freedom of speech.  *See, e.g., Irizarry v. Yehia*, 2022 U.S. App. LEXIS 18960 *30,  38 F.4th 1282 (10th Cir. 2022) (holding that as of May 2019, "a reasonable [public official] . . . would know that Officer Yehia committed a First Amendment retaliation violation when Mr. Irizarry's protected activity motivated Officer Yehia's actions.").

29.     Prior to initiating this litigation, counsel for the Plaintiff repeatedly asked the Defendants to rescind their unlawful decision in retaliation against *The Tribune*, and also provided the notice of intent to sue required by Colo. Rev. Stat. § 24-10-109. In addition, *The Tribune*'s request to submit this matter to pre-filing mediation was ignored by the Defendants.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (Violation of First Amendment –
### Against Defendants in their official capacities)

1.     Plaintiff incorporates by reference all of the foregoing allegations.

2.     Defendants are all public officials in Custer County, Colorado.

3.     Defendants are all "persons" for purposes of 42 U.S.C. § 1983.

4.     The acts of Defendants complained of herein have been taken under color of state law.

5.     Through Defendants' acts in revoking Custer County's Legal Notice advertising from the *The Tribune*, in retaliation for Plaintiff's editorial content, Defendants have deprived Plaintiff of its rights under the First Amendment to the Constitution of the United States.

6.      Defendants' conduct is in violation of 42 U.S.C. § 1983.

7. On information and belief, Defendants' retaliatory acts have been intentional, malicious, willful and wanton. The motivating factor in Defendants' acts has been to retaliate against Plaintiff for its exercise of protected free speech rights.

8. Defendants Canda and Day were motivated by an intent to harm the Plaintiff.

9. Plaintiff has been harmed by Defendants' retaliatory acts in an amount to be determined at trial, and as a result, Plaintiff is entitled to recover monetary damages from Defendants in their official capacity.

10. Plaintiff's injuries cannot be adequately remedied at law, and as a result, Plaintiff is entitled to an award of injunctive relief against Defendants in their official capacity.

11. Because Defendants Canda's and Day's unlawful acts were motivated by an evil motive or intent, Plaintiff is entitled to an award of exemplary or punitive damages against them individually, in an amount to be determined at trial.

12. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of its reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wet Mountain Publishing Company prays that this Court enter judgment in its favor and for relief against Defendants in their official capacities, as follows:

A. That the Court find and declare, pursuant to 28 U.S.C. § 2201(a), that an actual controversy exists between the parties and that Defendants' conduct constitutes retaliation in violation of the Plaintiff's free speech rights secured by the First Amendment to the Constitution of the United States;

B. That Defendants be preliminarily and permanently enjoined from further unlawful retaliation against Plaintiff, and in particular, that they be ordered immediately to rescind their

unlawful decision to withdraw Custer County's Legal Notices from being published in *The Wet Mountain Tribune*;

      C.      That Plaintiff be awarded its actual, statutory, or nominal damages, at its election, as determined at trial;

      D.      That Plaintiff be awarded exemplary or punitive damages against Defendants Canda and Day, in an amount to be proven at trial;

      G.      That Plaintiff be awarded its reasonable attorney's fees and costs;

      H.      That Plaintiff be awarded prejudgment interest; and,

      I.      That the Court award such other and further relief as it deems just and proper.

## JURY DEMAND

Plaintiff Wet Mountain Publishing Company hereby requests a trial by jury on all issues so triable.

Respectfully submitted this 18th day of August, 2022,

By _/s/ Steven D. Zansberg_
    Steven D. Zansberg

Law Office of Steven D. Zansberg, L.L.C.
100 Fillmore Street – Suite 500
Denver, Colorado  80206
Telephone:  (303) 385-8698
Facsimile:  (720) 650-4763
E-mail:  steve@zansberglaw.com

Attorney for Plaintiff
**WET MOUNTAIN PUBLISHING COMPANY**